**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0955-18T3

IN THE MATTER OF RICHARD
DENTROUX, DEPARTMENT OF
ENVIRONMENTAL PROTECTION.

_____

Submitted January 29, 2020 — Decided February 13, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-430.

Jacobs & Barbone, PA, attorneys for appellant Richard Dentroux (Louis Michael Barbone, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Department of Environmental Protection (Sookie Bae-Park, Assistant Attorney General, of counsel; Aaron J. Creuz, Deputy Attorney General, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent the New Jersey Civil Service Commission (Dominic Larue Giova, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Richard Dentroux appeals from a final agency decision of the Civil Service Commission, which became effective September 6, 2018, following a hearing before an administrative law judge (ALJ), who concluded Dentroux left his employment with the Department of Environmental Protection (DEP) having resigned in good standing. We affirm.

We summarize the facts, which are addressed in greater detail in the ALJ's written opinion. Prior to his employment with the DEP, the Freehold Township Police Department employed Dentroux. He became disabled in the course of duty and retired from the police force with an accidental disability pension. The DEP hired him in 2013, and he became a permanent employee in 2016. In 2017, he received a call and a letter from the police department advising him the Police and Fireman's Retirement System (PFRS) determined he could be reinstated to the police department and he was required to return to work for limited duty.

Due to his physical condition, Dentroux believed he would not be approved as fit for duty once he reported to the police department. By email, he requested a six month leave of absence from the DEP, advising "Freehold Township has taken me back . . . because they were advised by PFRS that my benefits will terminate on that day if I do not return." A DEP human resources manager denied Dentroux's request for leave because it was against DEP policy

A-0955-18T3

to grant leave for "employees to engage in other employment." DEP also asked Dentroux to submit a letter of resignation.

Dentroux sent another email, advising human resources that his direct supervisor approved the leave and citing his contract, which permitted him to apply for up to one year of leave. Human resources denied his request. Dentroux requested leave a third time and again it was denied. This time the human resources manager stated: "Please be advised that if we do not receive your letter of resignation . . . we will seek a resignation not in good standing for job abandonment." Dentroux did not resign. He reported to Freehold Township Police Department, which also paid him a salary.

DEP determined he abandoned his position and issued a preliminary notice of disciplinary action for resignation not in good standing due to his absence from work without supervisor approval, and for violating DEP rules, regulations, policies or procedures. When Dentroux tried to return to work at the DEP, he was told to leave the office.

Dentroux requested a departmental hearing on the charges. The DEP issued a final notice of disciplinary action sustaining the charges. Dentroux appealed.

A-0955-18T3

The ALJ held a hearing and considered testimony from the DEP human resources manager and Dentroux's direct supervisor. Dentroux also testified. The crux of his argument was his immediate supervisors approved his leave of absence.

The ALJ concluded Dentroux offered uncorroborated hearsay to support his claim in the form of an email he sent requesting the leave. The ALJ noted "[Dentroux] acknowledged that none of his supervisors replied to his . . . email request for a leave of absence. He also did not question [his direct] supervisor . . . about the alleged approval during [the supervisor's] testimony." The ALJ concluded Dentroux's supervisors did not approve his request for leave.

The ALJ sustained the charges, finding Dentroux abandoned his position in violation of N.J.A.C. 4A:2-6.2(b). She found Dentroux

> knew that his request for a leave of absence had not been granted. He also knew that he was required to submit his resignation or report to work to prevent disciplinary action. [He] did neither. Instead, he did not report to work and did not communicate further with his employer about his absences or employment status . . . for more than five consecutive days.

However, the ALJ modified Dentroux's penalty to a resignation in good standing because

> he was forthcoming about the reasons why he needed a . . . leave of absence[,] . . . explained . . . he was

4

obligated to tend to a matter associated with his PFRS pension[,] . . . did not seek to be reemployed [by Freehold Township Police Department, but] [r]ather . . . complied with a requirement imposed upon him by the police department and PFRS.

Dentroux appealed his case to the Civil Service Commission. The Commission lacked a quorum and the ALJ's decision was deemed a final agency decision pursuant to N.J.S.A. 52:14B-10(c).

The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick Coll. LPN-RN Bridge Program, 225 N.J. 533, 541 (2016) (citing Univ. Cottage Club of Princeton N.J. Corp. v. N.J. Dep't of Envtl. Prot., 191 N.J. 38, 48 (2007)).

> An appellate court will not reverse an agency's final decision unless the decision is "arbitrary, capricious, or unreasonable," the determination "violate[s] express or implied legislative policies," the agency's action offends the United States Constitution or the State Constitution, or "the findings on which [the decision] was based were not supported by substantial, credible evidence in the record."
>
> [Ibid. (quoting Univ. Cottage Club of Princeton N.J. Corp., 191 N.J. at 48).]

"Although an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue,'" "if substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for

the agency's even though the court might have reached a different result . . . .'"
In re Carter, 191 N.J. 474, 483 (2007) (internal citations omitted).

Dentroux argues the ALJ committed an error of law because she failed to "properly consider and apply N.J.A.C. 4A:2-6.2(b)[,]" which states:

> Any employee who is absent from duty for five or more consecutive business days without the approval of his or her superior shall be considered to have abandoned his or her position and shall be recorded as a resignation not in good standing. Approval of the absence shall not be unreasonably denied.

Dentroux asserts the ALJ misinterpreted the regulation because he obtained approval for a leave of absence from his direct supervisor.

Dentroux's arguments lack merit. R. 2:11-3(e)(1)(E). The record readily establishes only DEP's human resources manager could approve Dentroux's leave, not his direct supervisor. There is no dispute the human resources manager did not approve and expressly denied Dentroux's request for leave on three occasions. Finally, the ALJ's findings did not misinterpret N.J.A.C. 4A:2-6.2(b) because it was reasonable for DEP to have a policy barring its employees from other employment. Dentroux did not demonstrate otherwise. The ALJ's findings, adopted by the Commission, are supported by sufficient, credible evidence in the record as a whole. R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0955-18T3

6